UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| RONDA A. METTEY | : | CASE No. **1:02-cv-398** |
| Plaintiff, | : | |
| vs. | : | Judge Spiegel |
| | : | |
| AMERICAN FAMILY MUTUAL | : | Magistrate |
| INSURANCE COMPANY, et al | : | |
| Defendants. | : | **PLAINTIFF'S MOTION FOR AUTHORIZATION TO DEPOSE BY VIDEO CONFERENCING, AND SUPPORTING MEMORANDUM** |

Plaintiff by her undersigned attorney moves for an order authorizing depositions of the Defendants' independent sales agents by video conferencing, pursuant to Civil Rule 30(b)(7).

The names and addresses of the independent agents are:

| | | |
|---|---|---|
| Kevin Begin | Robert Maltrey | Ken Toureene |
| 3570 Lexington | 709 No. Brinton Av. | 10909 W. Bluemount Rd. |
| Shoreview, MN 55126 | Dixon, IL 61021 | Wauwatosa, WI 53226-4247 |
| 651-484-1236 | 815-288-4206 | 414-259-1951. |

Defendants object to the video conferencing deposition. The depositions will be used for the purpose of discovery and trial. A stenographer should be present to record and swear the witness.

                                                                           s/ John A. Rebel
                                                                      John A. Rebel (0031771)
                                                                      Attorney for Plaintiff
                                                                      McKinney & Namei
                                                                      15 E. 8th St.
                                                                      Cincinnati, Ohio 45202
                                                                      (513) 721-0200
                                                                      Fax: 513- 632-5898
                                                                      jarebel@fuse.net

**MEMORANDUM IN SUPPORT**

The three witnesses were managers in the Southern Ohio District. Each knew Plaintiff, one was Plaintiff's manager. Each witness is now an exclusive sales agent for Defendants, and no longer in a management position. (It is unclear whether to treat them as management employees, or independents who could be interviewed by Plaintiff's attorney. Defendant maintains they are equivalent to Defendants).

Civil Rule 30(b)(7) states:

(7) The parties may stipulate in writing or the court may upon motion order that a deposition be taken by telephone or other remote electronic means. For the purposes of this rule and Rules 28(a), 37(a)(1), and 37(b)(1), a deposition taken by such means is taken in the district and at the place where the deponent is to answer questions.

Video conferencing is within "other remote electronic means". Plaintiff's purpose is to reduce the costs of litigation which is a valid reason for allowing the motion. With video conferencing the witness may be observed by the trier of fact. Defendants' attorney is not prohibited from attending the deposition at the witness's site.

In *Rehau, Inc. v. Colortech, Inc.*, 145 F.R.D. 444 (W.D.C. MI 1993) adopted the rationale of *Jahr v. IU Int'l Corp.*, 109 F.R.D. 429 (M.D.N.C. 1986) to conclude "that leave to take telephonic depositions should be liberally granted in appropriate cases. . . . Thus, upon giving a legitimate reason for taking a deposition telephonically, the movant need not further show an extraordinary need for the deposition. Rather, the burden is on the opposing party to establish why the deposition should not be conducted telephonically." *Rehau, Inc. v. Colortech, Inc.*, at 446,447.

The court in *Cacciavillano V. Ruscello, Inc.*, 1996 U.S. Dist. LEXIS 18968 (ED PA 1996)

cited with approval *Rehau, Inc. v. Colortech, Inc.* to allow a video conferencing deposition to minimize litigation costs.

                                                     s/ John A. Rebel
                                                     John A. Rebel   (0031771)
                                                     Attorney for Plaintiff

### CERTIFICATION OF SERVICE

       The undersigned hereby certifies that the foregoing Motion is served upon Geraldine Johnson, Attorney for Defendants, by ordinary mail and electronic transmission to Roetzel & Andress, 250 E. 5th Street, Suite 310, Cincinnati, Ohio, 45202 on this 23rd day of October, 2003

                                                     s/ John A. Rebel
                                                     John A. Rebel   (0031771)
                                                     Attorney for Plaintiff