UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| RONDA METTEY, | ) | CASE NO. 1:02-CV-00398 |
| | ) | |
| | ) | JUDGE SPIEGEL |
| Plaintiff, | ) | |
| | ) | **DEFENDANTS' MEMORANDUM** |
| vs. | ) | **IN OPPOSITION TO PLAINTIFF'S** |
| | ) | **MOTION TO COMPEL** |
| AMERICAN FAMILY INSURANCE, ET AL., | ) | **PRODUCTION OF COMPUTER** |
| | ) | **TAPE PRINTOUT** |
| Defendants. | ) | |

Now come Defendants, by and through their counsel, and hereby request that the Court deny Plaintiff's Motion to Compel Production of a computer tape which Plaintiff wrongfully took with her at the time of her termination from American Family Insurance. The bases supporting this Memorandum in Opposition are discussed in the accompanying Memorandum.

## MEMORANDUM OF LAW

Defendant American Family Insurance would first like to note that the computer tape which is at issue has been and continues to be the property of American Family Insurance. When Plaintiff was terminated on July 31, 2001, she took this tape with her without the knowledge or authority of American Family Insurance. The information contained on the computer tape is information proprietary to American Family Insurance and its insurance businesses.

Defendant requests that the Court reject Plaintiff's Motion to Compel on the basis that the information is unique to American Family Insurance and is confidential. It contains information regarding its policy holders and other information that should remain private and undisclosed. The tape should not even be in the possession of Ms. Mettey.

Second, and perhaps more importantly, the information on the tape is non-dispositive of the issue in this case. It is anticipated that Plaintiff believes that the computer tape will

demonstrate her efforts to be a successful American Family insurance agent. However, regardless of what attempts may be documented on the tape in terms of Ms. Mettey's efforts to be a successful insurance agent, the fact remains that Ms. Mettey was not able to meet her production requirements which she was contractually obligated to do as an independent contractor and as outlined in the Agent's Agreement. Therefore, even if the tape was ordered to be produced, it does not go to the gist of this case.

Third, production of the contents of the tape would be quite a heavy burden on American Family. American Family's Information Technologies Department here in the Ohio area is a single individual whose territory includes all of Ohio and Southwest Indiana. The man hours it would require to print a copy of everything on the tape would be an enormous burden on this individual. Moreover, as stated previously, such effort would be an enormous waste of time since the information does not impact on the issues in this case.

For all of the foregoing reasons, Defendant American Family requests that Plaintiff's Motion to Compel be denied in its entirety.

        Respectfully submitted,

        s/ _Geraldine M. Johnson_____
        Geraldine M. Johnson      (0010450)
        Roetzel & Andress, LPA
        250 East Fifth Street
        Suite 310
        Cincinnati, OH 45202
        Telephone: 513.361.8288
        Facsimile: 513.361.0335
        E-Mail: gjohnson@ralaw.com
        Attorney for Defendant,
        American Family Mutual Insurance Co.

**CERTIFICATE OF SERVICE**

I hereby certify that on September 1, 2004, I electronically filed the foregoing Notice of Manual Filing with the Court using the CM/ECF system which will send notification of such filing to the following: John Rebel, Attorney for Plaintiff, and I hereby certify that I have mailed by United States Postal Service the document to the following: John Rebel, Attorney for Plaintiff, McKinney & Namie Co., L.P.A., 15 East Eighth Street, Cincinnati, Ohio 45202.

Executed on: July 20, 2004

*s/*  *Geraldine M. Johnson*
Geraldine M. Johnson  (0010450)

50961.1.105668.0003