UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| RONDA A. METTEY, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 1:02-CV-00398 |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, et al., | : | Judge Spiegel |
| | : | Magistrate Judge Black |
| Defendants. | | |

**DEFENDANTS AMERICAN FAMILY MUTUAL
INSURANCE COMPANY, ET AL.'S REPLY MEMORANDUM
IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

Defendants have moved this Court for summary judgment requesting that Plaintiff's four-count Complaint be dismissed. As a result of Defendants' initial Motion, as well as Plaintiff's statement on the first page of her response to that Motion for Summary Judgment, Defendants' Motion should be granted as to the Second and Third Claims of the Complaint. In her response, Plaintiff conceded that she had no objection to this Court granting Defendants' Motion as to those claims. As a result, the remaining issues for this Court's consideration involve Plaintiff's First Claim, alleging breach of contract, and the Fourth Claim, which seeks overtime compensation and minimum wage under the Fair Labor Standards Act (FLSA). For the reasons stated in the initial Motion, as well as this Reply Memorandum, those additional claims should be dismissed as well.

**I.  Plaintiff's Claim for Breach of Contract Should Be Dismissed**

When examining Plaintiff's response to the Motion for Summary Judgment, her arguments with regard to the breach of contract claim appear to rely on two arguments: (1) Defendants breached the implied covenant of good faith because they did not fully disclose to

Plaintiff that starting her own business was a risky venture, both in terms of time and money; and (2) Plaintiff claims that when Defendants modified Plaintiff's production goals, in terms of new applications and business commissions, they did so in a manner that violated the implied covenant of good faith. When one examines the state of the evidence presented by Defendants in their initial Motion for Summary Judgment, neither argument has merit.

As indicated in Defendants' Motion, in order to find that the implied covenant of good faith is violated, a party to the contract must be found to have acted in an "arbitrary and unreasonable" manner. *See* Chase Lumber and Fuel Co. v. Chase, 228 Wis. 2d 179, 194, 596 N.W. 2d 840 (Ct. App. 1999). Plaintiff points to the expectation letter of May 14, 1998, signed by both Plaintiff and her initial manager, Ken Toureene. As discussed previously, that letter set forth the Plaintiff's ACP budget and also provided suggestions to a new agent as to how one might meet the production requirements discussed in the letter. Plaintiff argues that this letter was subterfuge because it did not disclose to the Plaintiff that she may have to expend her own funds, and spend a great deal of her time, in building an insurance agency completely from scratch. In making such an argument, Plaintiff obviously does not give herself much credit in having any degree of common sense. Her deposition discussed her job history, and the fact that she was paid commission while working for a printing company called D&D Offset (*see* deposition transcript of Plaintiff at pp. 15-16). She realized that one had to have low overhead and not excessive equipment to be competitive in that industry. *Id.* at p. 17. While working for Queen City Printing, she also worked on a commission basis. *Id.* at p. 37. As a result, by virtue of her job experience, she was well aware of the need for hard work and long hours in making a go of any business. For Plaintiff to argue that Defendants engaged in subterfuge when they discussed goals, and ways to attain those goals, simply ignores the agreement signed between the

2

parties. At the very least, Plaintiff's pleading does not provide this Court with any evidence that Defendants acted in a manner that was either arbitrary or unreasonable.

Secondly, Plaintiff's response argues that by increasing the scope of her performance, the implied covenant of good faith was also violated. However, Plaintiff's pleading does not provide this Court with an argument as to just why Defendants' actions rose to the level of a breach of the implied covenant of good faith. On the one hand, Plaintiff argues that she resisted and failed to follow many of the suggestions made by Defendants as to how to meet production goals, ignoring the obvious result of that activity, namely, that it lends further support to Defendants' argument that Plaintiff is, in fact, an independent contractor. She was free to accept or ignore any of the suggestions made by Defendants and, in many instances, chose to do just that. For Plaintiff to now argue that Defendants' suggestions somehow violated the agreement simply defies logic.

Plaintiff also argues that she was required to lease office space, and that Defendants physically controlled her activities in this regard, completely ignoring the testimony of Cassandra Stiff (*see* Stiff deposition at p. 61), who testified that it was Plaintiff who decided to rent an office and, further, that there was no requirement that office space be leased.

Simply put, Plaintiff has provided this Court with nothing more than the "conclusory allegations, speculation and unsubstantiated assertions" found to be insufficient to defeat a motion for summary judgment in the case of Gooden v. City of Memphis Police Dept., 67 Fed. Appx. 893, 895 (6th Cir. 2003). As such, Plaintiff's first claim should be dismissed.

II.   **Plaintiff's Claims Under the Fair Labor Standards Act Must Fail**

As pointed out in Defendants' Motion for Summary Judgment, Plaintiff's allegation that she was an employee and, therefore, entitled to overtime compensation and a minimum wage,

3

flies in the face of her claims under the First Count of her Complaint that the written agreement between her and Defendants was breached. It is that agreement, along with all of the accompanying documents, that clearly and unequivocally identify Plaintiff as an independent contractor. Both Plaintiff and Defendants. by their agreement to the conditions of that document, clearly contemplated that Plaintiff's status was that of an independent contractor. She seeks to avoid this status by pointing to various instances of conduct in her responsive pleading.

Defendants' Motion set forth the six factors articulated by the Sixth Circuit in the case of <u>Donovan v. Brandel</u>, 736 F.2d 1114 (6th Cir. 1984). The first of these factors was the permanency of the relationship between the parties, and Plaintiff alleges that because she worked over three years as an agent for Defendants, their relationship was of a permanent nature. That argument ignores the fact that no fixed term was set by the terms of the agreement.

With regard to the degree of skill required for the rendering of services, as stated previously in this Reply Memorandum, Plaintiff had years of experience in the printing industry where she grew comfortable with the concept of working on a commission basis. Obviously, that work experience and skill required her to interact with customers and convince those customers to purchase the product that Plaintiff had to sell. That experience in sales was something that Plaintiff brought to her position with Defendants.

With regard to the workers' investment in equipment or materials for the task, obviously, Defendants' advance compensation plan was of assistance to the Plaintiff in setting up her agency from scratch. Nonetheless, as conceded by Plaintiff in her deposition at pp. 70-73, she was free to spend this money as she chose.

As to Plaintiff's opportunity for profit or loss, another factor in the <u>Brandel</u> decision, Plaintiff argues that Defendants' setting of premium, commission rates, and ACP payments

somehow governed Plaintiff's ability to either profit or lose money. The fact remains, however, that her earnings were completely dependent on her ability to make sales, a fact of which she was well aware. For instance, in her deposition, she discussed an incident that took place during the summer of 2000 when there was water damage to her office which "created a lot of havoc" in her ability to be productive (*see* deposition transcript of Plaintiff at pp. 158-159). Clearly, Plaintiff's efforts were affected by this event which, while unfortunate, further supports Defendants' contention that it was the Plaintiff who, ultimately, was responsible for whether her business succeeded or failed.

Finally, the issue of control was referred to by Plaintiff when discussing the Secretary of Labor's regulations as to the outside sales person or administrative exemption, articulated at 29 U.S.C. § 213(a)(1). Plaintiff cites the recent case of Hogan v. Allstate Ins. Co., 361 F.3d 621 (11th Cir. 2004), and attempts to give the impression that that case was decided in favor of an insurance company in an action brought by agents seeking to be considered employees, strictly on the basis of what those agents made on a monthly basis. To the contrary, that case stands for the proposition that insurance agents, such as those selling Allstate Insurance in the Hogan case and such as Plaintiff selling products of Defendants in this situation, are, in fact, on the administrative side of the insurance business, citing 29 C.F.R. § 541.205(a). The Hogan case also discussed the duties performed by the Plaintiffs in that case, describing them as "promoting sales, advising customers, adapting policies to customers' needs, deciding on advertising budget and techniques, hiring and training staff, determining staff's pay, and delegating routine matters and sales to said staff. These duties are similar to administrative, rather than production, tasks." See Hogan, *supra,* at p. 627.

The Hogan case is strikingly similar to the situation involved in Plaintiff's cause of action. As in Plaintiff's case, Hogan involved a suit brought by agents of Allstate who sought to be treated as employees, rather than insurance agents who were exempt from the FLSA's overtime requirements. In Hogan, like the case in this instance, the agents were responsible for choosing a location for an office, although Allstate did retain the right to reject a particular locale. Hogan, *supra*, at p. 624. In this situation, the Plaintiff set her agency budget, deciding what part of the ACP amount per month would be spent on overhead, salaries, and operating expenses, and then set forth on the business of selling insurance products. *See* deposition of Plaintiff at pp. 70-71. Despite the fact that her district and state managers suggested ways to sell those products, activities which Plaintiff seeks to call supervision, but which Defendants choose to classify as assistance, it was ultimately the Plaintiff who was well aware that she had to produce in order to be successful. As in Hogan, *supra*, Plaintiff's attempt to be covered under the FLSA should be unsuccessful.

### III.    Conclusion

For all of the foregoing reasons, Defendants' Motion for Summary Judgment should be granted. Plaintiff's inconsistent arguments, first seeking to set aside a contract based on a lack of good faith and, thereafter, seeking to ignore the terms of that same contract which stated that she was an independent contractor, cannot be permitted to withstand this Court's scrutiny. The arguments set forth by Defendants in their initial Motion for Summary Judgment, as well as in

the Reply Memorandum, are well taken and, as a result, the First and Fourth Claims of the Plaintiff's Complaint should be dismissed.

                Respectfully submitted,

                /s/ Douglas M. Kennedy
                Douglas M. Kennedy – 0022053
                National City Center
                155 East Broad Street, 12th Floor
                Columbus, Ohio  43215
                Telephone: 614-463-9770/Facsimile: 614-463-9792
                E-mail:  dkennedy@ralaw.com
                Attorney for Defendants
                AMERICAN FAMILY MUTUAL INSURANCE
                COMPANY, AMERICAN FAMILY LIFE
                INSURANCE COMPANY, AND
                AMERICAN STANDARD INSURANCE
                COMPANY OF WISCONSIN

OF COUNSEL:
Roetzel & Andress
155 East Broad Street, 12th Floor
Columbus, Ohio  43215

## CERTIFICATE OF SERVICE

    I hereby certify that on January 3, 2005, the foregoing Defendants' American Family Mutual Insurance Company, et al.'s Reply Memorandum in Support of Their Motion for Summary Judgment was filed with the Court using the CM/ECF system which will send notification of such filing to John A. Rebel, Plaintiff's attorney.

                /s/ Douglas M. Kennedy
                Douglas M. Kennedy – 0022053

699757.1